#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

#### BLUEFIELD DIVISION

| | |
|---|---|
| **DENNY HOBERT LESTER,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:12-06700** |
| ) | **(Criminal No. 1:08-00039)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

#### PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on October 18, 2012.[1] (Document No. 60.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 61.)

#### FACTUAL AND PROCEDURAL BACKGROUND

**A**      **Criminal Action No. 1:08-00039:**

On August 19, 2008, Movant pled guilty to one count of distribution of a quantity of oxycodone in violation of 21 U.S.C. § 841(a)(1) (Count 4.). (Criminal Action No. 1:08-00039, Document Nos. 40, 43, 44.) Movant was sentenced on January 12, 2009. (Id., Document Nos. 54 and 57.) The District Court ordered that Movant serve a 168-month term of incarceration to be followed by a three-year term of supervised release. (Id., Document No. 57.) The District Court also

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

imposed a $100 special assessment. (Id.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

**B.      First Section 2255 Motion (Civil Action No. 1:12-06700):**

On October 18, 2012, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil Action No. 1:12-06700, Document No. 60.) As grounds for *habeas* relief, Movant alleges that the District Court improperly "used prior convictions to enhance Movant's sentence." Citing Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), Movant argues that he is actually innocent of being a career offender under U.S.S.G. § 4B1.1(a).[2] Specifically, Movant argues that under Simmons his prior convictions were not felonies and therefore were improperly considered for the career offender enhancement. (Id.)

On June 27, 2014, Movant filed an Addendum to his Section 2255 Motion. (Id., Document No. 69.) Citing Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014), Movant argues that he should be allowed to challenge the validity of his sentence based upon Simmons because the

---

[2] U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The record reveals that Movant received a career offender enhancement pursuant to U.S.S.G. § 4B1.1(a) based upon the following: (1) On October 15, 2001, Movant was convicted in the Carroll County Circuit Court, Hillsville, Virginia, of Possession of Marijuana with the Intent to Distribute and was sentenced to 5 years imprisonment; and (2) On June 12, 1995, Movant was convicted in this Court of Conspiracy to Possess with Intent to Distribute Cocaine and was sentenced to 24-months imprisonment. (Criminal Action No. 1:08-0038, Document No. 55, ¶¶ 68 and 71.) Each of the above sentences clearly exceeded one year and therefore were properly considered as prior felony convictions. The undersigned, therefore, finds that Movant's prior convictions were properly considered by the District Court pursuant to U.S.S.G. § 4B1.1 because Movant met the criteria for career offender status.

limitations period was equitably tolled. (Id.) As additional grounds for *habeas* relief, Movant argues as follows: (1) "The sentencing court violated the ex post facto clause in sentencing defendant under a version of the U.S. Sentencing Guidelines that was promulgated after he committed his crime and increased the applicable range of incarceration;" and (2) "The sentencing court enhanced his sentence two points in calculating misdemeanors as felonies (brandishing a weapon and disorderly conduct)."[3] (Id.)

### C. Second Section 2255 Motion (Civil Action No. 1:14-11590):

On March 4, 2014, Movant filed his second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support.[4] (Civil Action No. 1:14-11590, Document No. 65.) As grounds for *habeas* relief, Movant alleges that his "conviction and resulting sentence were obtained in violation of the *Alleyne v. U.S.* decision." (Id.) On August 25, 2014, Movant filed an Addendum to his Second Section 2255 Motion asserting the same grounds as asserted in his Addendum filed on June 27, 2014, in Civil Action No. 1:12-06700. (Id., Document No. 70.) On February 18, 2015, Movant filed an Amended Section 2255 Motion.

---

[3] The record reveals that Movant received one criminal history point pursuant to U.S.S.G. § 4A1.1(c) based upon his convictions in McDowell County Magistrate Court for brandishing and disorderly conduct in Case Nos. 07M1094 and 07M1096. (Criminal Action No. 1:08-00039, Document No. 55, ¶ 67.) The Presentence Report reveals that Movant had a total of 10 criminal history points, which resulted in a Criminal History Category of V. (*Id.*, ¶¶ 73 - 79.) Movant's Criminal History Category, however, was increased to VI because he was determined to be a career offender pursuant to U.S.S.G. § 4B1.1(b). (*Id.*, ¶ 73.); U.S.S.G. § 4B1.1(b)("A career offender's criminal history category in every case under this subsection shall be Category VI."). Therefore, Movant's argument that the District Court incorrectly attributed him one criminal history point based upon his convictions for brandishing and disorderly conduct is immaterial.

[4] Civil Action No. 1:14-11590 is referred to United States Magistrate Judge Dwane L. Tinsely for total pretrial management and submission of proposed findings of fact and recommendations for disposition. (Civil Action No. 1:14-11590, Document No. 66.)

(Id., Document No. 74.) As additional grounds for *habeas* relief, Movant argues that the District Court violated the Speedy Trial Act. (Id.)

## ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

Movant's Judgment Order was entered on January 23, 2009, and his sentence became final ten days later[5] when he did not file a Notice of Appeal (February 2, 2009). On October 18, 2012, more than two years and eight months after the one year period expired, Movant filed the instant Motion raising issues challenging his sentence in Criminal Action No. 1:08-00039. (Document Nos. 60 - 69.) Movant's Motion is clearly untimely unless one of Section 2255(f)'s other subsections

---

[5] On March 26, 2009, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure was amended from 10 days to 14 days. The amendment, however, did not become effective until December 1, 2009.

applies.

First, Petitioner appears to argue that Section 2255(f)(4) applies because the Fourth Circuit's decision in Simmons[6] constitutes a new "fact"supporting the claim. Recently, the Fourth Circuit specifically addressed the above issue. In Whiteside v. United States, 578 Fed.Appx. 218 (4th Cir. 2014), the Fourth Circuit issued its *en banc* decision wherein it determined that the Simmons decision did not qualify as a new "fact" for purposes of Section 2255(f)(4). Id. at 184. The Fourth Circuit explained "[d]ecisions that change the legal significance of certain facts without modifying them do not qualify under (f)(4)." Id. The Fourth Circuit further noted that "[i]f changes in law are cognizable under (f)(4), then (f)(3) becomes superfluous because any claim brought under (f)(3) could also be brought under (f)(4)." Id. Based on the foregoing, the undersigned finds that Section 2255(f)(4) is inapplicable.

Next, Movant appears to argue that Section 2255(f)(3) applies because he is entitled to relief

---

[6] In 2010, the United States Supreme Court decided *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). In *Carachuri-Rosendo*, the Supreme Court held that when determining whether a conviction is an 'aggravated felony' for purposes of the Immigration and Nationality Act, the Court must look at the defendant's actual conviction and not the offense for which he could have possibly been convicted based on his conduct. *Id.* Subsequently, the Fourth Circuit decided *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In *Simmons*, the Fourth Circuit vacated defendant's sentence in light of *Carachuri-Rosendo*. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The Fourth Circuit determined that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence. *Id.* at 244. Thus, the Fourth Circuit held that in order for a prior felony conviction to qualify as a predicate offense, the individual defendant must have been convicted of an offense for which the defendant could be sentenced to a term exceeding one year. *Id*. On August 21, 2013, the Fourth Circuit determined that *Simmons* is retroactive to cases on collateral review that involve claims of actual innocence of an underlying Section 922(g) conviction. *Miller v. United States*, 2013 WL 4441547 (4th Cir. Aug. 21, 2013). The undersigned notes that Movant's case does not involve a Section 922(g) conviction.

"based on a new rule of constitutional law, previously unavailable, made retroactive."[7] The undersigned notes that Simmons is a decision issued by the Fourth Circuit Court of Appeals. Movant, therefore, fails to indicate a right that has been newly recognized by the Supreme Court and made retroactive applicable to cases on collateral review. Accordingly, the undersigned finds that Section 2255(f)(3) is inapplicable.

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply

---

[7] In his Second Section 2255 Motion, Movant argues that he is entitled to *habeas* relief based upon *Alleyne*. (Civil Action No. 1:14-011590, Document No. 65.) In *Alleyne*, the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury. *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). The undersigned, therefore, will consider whether *Alleyne* is retroactive for purposes of collateral review. *Alleyne* establishes a new rule of criminal procedure, rather than a substantive change in the law. *Harris v. United States*, 2013 WL 4882227, * 2 (S.D.W.Va. Sept. 12, 2013). Generally, new rules of criminal procedure do not apply retroactively to cases on collateral review. *Teague v. Lane*, 489 U.S. 288, 303, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989). The Fourth Circuit has determined that *Alleyne* is not retroactive for purposes of collateral review. *United States v. Stewart*, 2013 WL 5397401 (4th Cir. Sep. 27, 2013)("*Alleyne* has not been made retroactively applicable to cases on collateral review."); *also see United States v. Redd*, ___ F.3d ___, 2013 WL 5911428, * 3 (2nd Cir. 2013); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013); *Williams v. United States*, 2014 WL 258631 (S.D.W.Va. Jan. 23, 2014)("*Alleyne* has not been held to apply retroactively on collateral review") *Manning v. United States*, 2013 WL 5890722 (W.D.Va. Oct. 31, 2013); *Muhammad v. Purdue*, 2013 WL 4508870 (N.D.W.Va. Aug. 23, 2013); *United States v. Reyes*, 2013 WL 4042508 (E.D.Pa. Aug. 8, 2013); *United States v. Eziolisa*, 2013 WL 3812087 (S.D.Ohio July 22, 2013). Accordingly, the undersigned finds that Movant is not entitled to *habeas* relief based upon *Alleyne*.

only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 200)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time.

Citing Whiteside v. United States, 748 F.3d 541 (4th Cir. April 8, 2014), Movant argues that

he is entitled to equitable tolling based upon the Simmons decision. In Whiteside, the Fourth Circuit determined that the one-year limitations period for filing a Section 2255 motion could be equitably tolled where the defendant alleged that the career offender enhancement was erroneous based upon Simmons. Whiteside v. United States, 748 F.3d 541, 548 - 53 (4th Cir. April 8, 2014), rev'd en banc, 2014 WL 7245453 (Dec. 19, 2014). On July 10, 2014, however, the Fourth Circuit granted an *en banc* review of the panel's decision in Whiteside. Whiteside v. United States, 578 Fed.Appx. 218 (4th Cir. 2014). On December 19, 2014, the Fourth Circuit issued its *en banc* decision wherein it determined that equitable tolling was not available based upon petitioner's claim that only unfavorable precedent exited prior to Simmons. Whiteside v. United States, 2014 WL 7245453 (4th Cir. Dec. 19, 2014)(affirming the District Court's dismissal of Whiteside's Section 2255 Motion as untimely). The Fourth Court explained "[t]he standard announced in *Holland* . . . focuses not on whether unfavorable precedent would have rendered a timely claim futile, but on whether a factor beyond the defendant's control prevented him from filing within the limitations period at all." Id. at 185("It would be anomalous to contend that futility – something the Supreme Court has clearly said cannot serve as cause for procedural default – does nonetheless serve as cause for failure to timely file a § 2255 petition.") The Fourth Circuit, therefore, found that "[a]lthough *Simmons* plainly made a collateral attack on Whiteside's sentence more plausible, nothing prevented Whiteside from filing his petition within the one-year statute of limitations." Id. at 185. Accordingly, the undersigned finds that Movant is not entitled to equitable tolling based upon the decision in Simmons. Similar to Whiteside, Movant argues that he is entitled to equitable tolling because it would have been futile to present his claim prior to Simmons. Movant, however, fails to indicate any factor beyond his control that prevented him from presenting his claim in a timely manner. Based

8

upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motions Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document Nos. 60 and 69) and **REMOVE** this matter as consolidated from the Court's docket unless Movant can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection

is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: February 24, 2015.

R. Clarke VanDervort
United States Magistrate Judge