**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

DENNY HOBERT LESTER,

                Petitioner,

v.                                                                  CIVIL ACTION NO.   1:12-cv-06700
                                                                    (Criminal No. 1:08-cr-00039)

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion"), (ECF 60), and

Addendum to the § 2255 Motion (the "Addendum"), (ECF 69). By Standing Order entered on

September 2, 2010, and filed in this case on October 18, 2012, this action was referred to United

States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a

recommendation for disposition ("PF&R"). (ECF 61.) Magistrate Judge VanDervort filed his

PF&R on February 24, 2015, recommending that this Court deny the § 2255 Motion and its

Addendum. (ECF 75.)

The Court is not required to review, under a de novo or any other standard, the factual or

legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely

objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this Court's

1

Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989);

*United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct

a de novo review when a party "makes general and conclusory objections that do not direct the

Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v.*

*Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R were due by March 13, 2015. To date, no objections have been

filed.

Accordingly the Court **ADOPTS** the PF&R to the extent that it is consistent with this

Memorandum Opinion and Order, **DENIES** Petitioner's § 2255 Motion and the Addendum,[1]

---

[1] In the Addendum, Petitioner raises two additional arguments that Magistrate Judge VanDervort addressed in the PF&R, but for which the PF&R does not provide formal findings or recommendations. (*See* ECF 75 at 3.) First, Petitioner argues that "the sentencing court violated the Ex Post Facto Clause in sentencing [Petitioner] under a version of the U.S. Sentencing Guidelines that was promulgated after he committed his crime and increased the applicable range of incarceration." (ECF 69 at 3.) Petitioner provides no arguments that his Ex Post Facto argument was timely made, apart from his other assertions of timeliness as to the § 2255 Motion. (*See* ECF 60 & 69.)

As noted above, the Court adopts the PF&R, including its recommendation that the Court find that the § 2255 Motion is untimely. While the PF&R does not expressly address Petitioner's Ex Post Facto argument, the Court finds that this argument is similarly untimely. Petitioner filed the § 2255 Motion over two years after the end of the one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. (ECF 75 at 4.) Additionally, as discussed in the PF&R, none of the provisions in 28 U.S.C. § 2255(f) that would otherwise extend the limitations period apply in this case. (*Id.* at 4–9.) As such, the Court finds that Petitioner's Ex Post Facto Clause argument in the Addendum is also untimely.

Furthermore, the Court finds that Petitioner's Ex Post Facto Clause argument is without merit. Section 1B1.11(a) of the Guidelines provides that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a) (2014). However, "[i]f the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." *Id.* § 1B1.11(b)(1). "[T]he ex post facto clause is violated when a defendant is sentenced under current Guidelines providing a higher sentencing range than the Guidelines in effect at the time of the offense." *United States v. Foote*, 784 F.3d 931, 942 (4th Cir. 2015) (citing *United States v. Peugh*, 133 S. Ct. 2072 (2013)).

In this case, Petitioner pled guilty to Count Four of the Indictment, which alleged that he distributed a quantity of oxycodone "[o]n or about October 6, 2006" in violation of 21 U.S.C. § 841(a)(1). (*See* ECF 44 ¶ 2 (plea agreement); ECF 1 at 4 (Indictment).) In the Presentence Investigation Report ("PSR"), the probation officer recommended that the Court find that Petitioner was responsible for 2,500 80-mg OxyContin. (ECF 55 ¶ 58.) The probation officer noted that—under the 2008 version of the Guidelines, (*id.* ¶ 57)—"one gram of oxycodone is equivalent to 6,700 grams of marijuana" equivalency, "2,500 80-mg. OxyContin convert to 1,340 kilograms of marijuana," and "the Base Offense Level for an offense involving at least 1,000 kilograms but less than 3,000 kilograms of marijuana is 32." (*Id.* ¶ 58; *see also* U.S.S.G. § 2D1.1 cmt. n.10(E) (2008) (Drug Equivalency Tables); *id.* § 2D1.1(c)(4) (Drug Quantity Table); *id.* § 4B1.1(a) (career offender Guideline).)

The Court adopted the PSR without change at the sentencing hearing. (*See* ECF 58.) The Court then found

(ECF 60 & 69[2]), **DISMISSES** this case, and **DIRECTS** the Clerk to remove this action from the Court's docket.

---

that—after a three-level reduction for acceptance of responsibility—Petitioner's total offense level was 29 and his criminal history category was VI, which resulted in a Guideline imprisonment range of 151 to 188 months. (*Id.*) The Court ultimately sentenced Defendant to a term of imprisonment within this Guideline range—168 months. (ECF 57 at 2.)

The Court finds that its application of the 2008 version of the Guidelines did not violate the Ex Post Facto Clause. The version of the Guidelines in effect on the date of the offense of conviction—the 2005 version—provided identical provisions as the 2008 version relating to the conversion rate for oxycodone, (*see* U.S.S.G. § 2D1.1 cmt. n.10 (2005)), the base offense level for the quantity of marijuana equivalency attributable to Petitioner, (*see id.* § 2D1.1(c)(4)), the determination that Petitioner's criminal history category was VI, (*see id.* § 4B1.1(a)), and the Guideline imprisonment range for a defendant with a total offense level of 29 and criminal history category of VI, (*see id.* ch. 5, pt. A (Sentencing Table)). The Court's Guidelines determinations thus would have been identical under either the 2008 or 2005 versions of the Guidelines. As such, the Court finds that it did not err in using the 2008 version of the Guidelines, *see* U.S.S.G. § 1B1.11(a) & (b), and Petitioner's Ex Post Facto Clause argument lacks merit, *see, e.g.*, *Foote*, 784 F.3d at 942 (citing *Peugh*, 133 S. Ct. 2072).

Accordingly, the Court **DENIES** the § 2255 Motion and its Addendum, (ECF 60 & 69), insofar as they argue that the Court violated the Ex Post Facto Clause of the U.S. Constitution.

Second, Petitioner argues that "the sentencing court enhanced [his] imposed sentence two points in calculating misdemeanors as felonies (brandishing a weapon [and] disorderly conduct)." (ECF 69 at 5.) This argument fails for several reasons. As with the above argument, Petitioner's sentencing calculation argument raised in the § 2255 Motion is untimely. Additionally, this is a nonconstitutional argument that Petitioner could have raised on appeal, but declined to do so. As such, Petitioner may not now assert this argument in this collateral proceeding. *E.g.*, *Stone v. Powell*, 428 U.S. 465, 478 (1976) ("[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." (citations omitted)). *But see United States v. Timmreck*, 441 U.S. 780, 783 (1979) (providing an exception to this rule where the alleged error is "an omission inconsistent with the rudimentary demands of fair procedure" (citation omitted)); *Stone*, 428 U.S. at 478 (noting another exception to this rule where "the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice" (internal quotation marks and citation omitted)).

Finally, as the PF&R notes, the imposition of sentencing points for the brandishing and disorderly conduct prior convictions was immaterial to the Court's ultimate criminal-history determination. (ECF 75 at 3 n.3.) The PSR attributed the following relevant criminal history points to Petitioner: (1) brandishing and disorderly conduct—1 point, (*United States v. Lester*, 1:08-cr-39, ECF 55 ¶ 67); (2) possession of marijuana with intent to distribute, which resulted in a five-year sentence—3 points, (*id.* ¶ 68); (3) distribution of cocaine, which resulted in a two-year sentence—3 points, (*id.* ¶ 71); and (4) obtaining money under false pretenses—3 points, (*id.* ¶ 72). This criminal history yields ten criminal history points and a criminal history category of V. (*Id.*        ¶ 73.)

At sentencing, the Court adopted the PSR, but found that Petitioner qualified as a career offender with a criminal history category of VI. (*Id.*, ECF 54.) Contrary to Petitioner's argument, however, his prior brandishing and disorderly conduct offenses did not factor into the Court's criminal-history determination. Rather, Petitioner's two prior drug offenses were the basis for the career-offender finding. *See* U.S.S.G. § 4B1.1(a); *see also id.* § 4B1.2(b) (defining the phrase "controlled substance offense" for purposes of the career-offender determination under Section 4B1.1). As such, Petitioner's prior brandishing and disorderly conduct offenses did not result in an "enhanced imposed sentence" and, instead, were immaterial to the Court's final Guidelines findings.

Accordingly, the Court **DENIES** the § 2255 Motion and its Addendum, (ECF 60 & 69), insofar as they argue that the Court erred in its Guidelines determinations when considering Petitioner's prior brandishing and disorderly conduct offenses.

---

[2] On August 25, 2014, Petitioner filed another addendum to the § 2255 Motion, (ECF 70), that is identical to the earlier-filed Addendum, (ECF 69). (*See* ECF 69 & 70.) As noted above, the Court denies the earlier-filed addendum.

3

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        June 24, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

(ECF 69). Accordingly, the Court **DENIES** the later-filed, identical addendum to the § 2255 Motion, (ECF 70).